M & M METALS INTERNATIONAL, INC., Appellant,

v.

CONTINENTAL CASUALTY COMPANY, et al.; Appellees.

[Cite as *M & M Metals Internatl. v. Continental Cas. Co.*, 171 Ohio App.3d 145, 2006-Ohio-6194.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–060551 and C–060571.

Decided Nov. 22, 2006.

PAINTER, Judge.

{¶ 1} Not wishing to let stand a brief they consider too long, counsel for appellant M & M Metals International, Inc., have moved this court to strike the joint brief of appellees (and cross-appellants no less) Continental Casualty Company, Transportation Insurance Company, and Great American Insurance Company.

{¶ 2} M & M advances two arguments, contending that the brief (1) put the citations in footnotes (where they belong!) and (2) uses footnotes to "get around" the page limit. And counsel even goes so far as to *redraft* their opponent's brief, inserting the jumble of letters and numbers into the paragraphs—even the references to the record. Thus bollixed up and unreadable, the brief comes out to 38.5 pages, instead of the regulation 35. Egad. And M & M makes some other objections to the form of the insurers' brief, which we deem even more piddling.

{¶ 3} Our dreary day has been enlivened by the thought that lawyers care about one another's prose so much as to redraft it. And that this dispute is so close that it may turn on a few extra pages of a lawyer's argument. We can't wait to read the final version—or maybe we should wait for the movie.

{¶ 4} As to citations, they *belong* in footnotes. Putting goofy letters and numbers in the middle of paragraphs destroys readability. We had to do that with typewriters, just as we had to use underlining because typewriters did not have italics. No more.

{¶ 5} But M & M's counsel makes one proper point: the insurers' brief uses talking footnotes interspersed with citation footnotes. Using talking footnotes detracts from the gain in readability achieved by taking the citations out of the text—if footnotes are not for citations only, then the brief declines into law-reviewesque unreadability.

{¶ 6} The insurers respond to M & M's motion by stating that, at least on most points, M & M is nitpicking or flat-out mistaken. They even cite the first edition of this author's legal writing book (it is now in its third edition). And to clear up any possible problem, they have redrafted and resubmitted their brief—we now have *three* versions—shortening it somehow but *not* taking out the talking footnotes—having read only part of the cited treatise. We note, though, that the insurers still use 12–point type for the footnotes. We would approve 10–point, which would make their brief even shorter.

{¶ 7} We venture a guess that this court's eventual opinion resolving this dispute will be fewer than 20 pages. To both sides we suggest that less is usually more.

{¶ 8} And because three judges of the appellate court have nothing better to do than referee a dispute about brief formatting, we hold as follows:

{¶ 9} (1) The insurers' redrafted brief (the one they redrafted, not the one M & M redrafted for them) is substituted for their original one, not because we would have done so in any event, but because it is slightly easier to read, though we wish they had retired the talking footnotes;

{¶ 10} (2) Were the reply brief not already filed, we would hold that counsel for M & M, obviously having free time on their hands, should use some to whittle down their reply brief to 11 pages rather than 15, as they have wasted 4 pages on this motion. But the reply brief is 10 pages, so the penalty is perhaps self-imposed; and

{¶ 11} (3) Now that the pleadings are complete, perhaps the case can be decided on its merits.

So ordered.

GORMAN and SUNDERMANN, JJ., concur.